IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 12-cv-00590-BNB


NATHAN L. HILL,

      Applicant,

v.

WARDEN DANIELS,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Nathan L. Hill, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Hill, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 requesting that the Court vacate his conviction and sentence. The Court must construe the Application liberally because Mr. Hill is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

      On May 24, 1999, Mr. Hill was convicted by a jury in the United States District Court for the Northern District of Illinois, Eastern Division (Northern District of Illinois), of conspiracy, operating a continuing criminal enterprise, and money laundering. *See*

*United States v. Hill*, No. 95-cr-00730-CPK, Doc. No. 1030  (N.D. Ill. May 24, 1999).  Mr.

Hill was sentenced to life in prison on November 8, 1999.  *Id.* at Doc. No. 1119.  Mr. Hill

appealed his conviction, but the conviction was affirmed.  *United States v. Hill*, 252 F.3d

919 (7th Cir. 2001).  Mr. Hill's petition for certiorari review of his conviction was denied

by the Supreme Court on June 28, 2002.  *Hill v. United States*, 536 U.S. 962 (2002).

On June 18, 2003, Mr. Hill filed his first motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255.  The Northern District of Illinois denied the

motion on September 10, 2004, *United States v. Hill*, No. 03-cv-04196-CPK (Sept. 10,

2004), and the Seventh Circuit denied a certificate of appealability on June 21, 2005,

*United States v. Hill*, Nos. 05-1136, 05-1137, and 05-1138 (7th Cir. Apr. 26, 2005).

In 2006, Mr. Hill requested authorization from the Seventh Circuit to file a second

or successive § 2255 motion.  *See Hill v. Drew*, No. 08-cv-00218-WTH-GRJ, Doc. No. 1

at 6 (M.D. Fla. Nov. 26, 2008), *aff'd* No. 08-16973 (11th Cir. Feb. 8, 2010).  Mr. Hill

asserted in the request that *Brady* material, discovered after the denial of his first

§ 2255 motion, demonstrated that his conviction was entered in violation of United

States law because a member of the prosecution had a relationship with a key witness.

*Id.*, Doc. No. 1-2 at 65-81.  The Seventh Circuit denied the request and found that, even

if there was constitutional error and the claim was not barred by § 2244(b)(1), the newly

discovered evidence was insufficient to establish clear and convincing evidence that no

reasonable factfinder would have found Mr. Hill guilty, because the evidence adduced

against him at the two-month trial was overwhelming, and the § 2255 motion was time-

barred.  *Id.*, Doc. No. 1-2 at 89 (copy of *Hill v. United States*, No. 06-1344 (7th Cir. Feb.

7, 2006) is found at page 89) and Doc. No. 25 at 4.

Mr. Hill then filed a motion in the Northern District of Illinois pursuant to 28 U.S.C. § 1651(a), raising the same claims that he raises in this action.  On May 7, 2008, the Northern District of Illinois denied the motion for lack of jurisdiction.  *See United States v. Hill*, No. 95-cr-00730-CPK at Doc. No. 1394.  Mr. Hill appealed the denial but then voluntarily dismissed the appeal.  *United States v. Hill*, No. 95-cr-00730-CPK at  Doc. No.1406; *United States v. Hill*, No. 08-2418 (7th Cir. June 23, 2008).

Mr. Hill also has filed two other § 2241 actions.  The first one was filed in the United States District Court for the Middle District of Florida, *Hill v. Warden, FCC Coleman-USP II*, No. 08-cv-00218-WTH-GRJ (M.D. Fl. Nov. 26, 2008), *aff'd*, No. 08-16973 (11th Cir. Feb. 8, 2010), and the second one was filed in the United States District Court for the Central District of California, *Hill v. Warden of Victorville*, No. 10-cv-01924-VAP-MAN (C.D. Cal. June 28, 2010), *appeal dismissed*, No. 10-56324 (9th Cir. Jan. 30, 2012).  The two § 2241 actions raised the same claims Mr. Hill is raising in this Court and were denied for lack of jurisdiction and for failure to show the § 2255 savings clause applied.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255.  Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).  The narrow reading of the savings clause is well established in the Tenth Circuit.  *See Prost*

3

*v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011).   Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion.  *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ( The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief.  *See Caravalho*, 177 F.3d at 1178.  Mr. Hill does not assert any of these circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent.  *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)).  The Tenth Circuit, however, has explicitly declined to adopt the *Reyes-Requena* test.  *See Prost*, 636 F.3d at 593-94.  Furthermore, both the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief, are

rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to

§ 2241. *Prost*, 636 F.3d at 593-94.

Finally, Mr. Hill bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at 584. The sentencing court's finding that Mr. Hill is time-barred from raising his claims in a § 2255 motion, by itself, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective."). Also, the fact that Mr. Hill has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673.

"[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Prost*, 636 F.3d at 587. The Court, therefore, finds that the Application should be denied because Mr. Hill fails to demonstrate the remedy available to him in the sentencing court pursuant to § 2255 was inadequate or ineffective.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Hill files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Hill fails to assert that his remedy in the United States District Court for the Northern District of Illinois, Eastern Division, is ineffective and inadequate.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __12th__ day of ____April_____, 2012.

BY THE COURT:


  s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

6