IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00590-LTB

NATHAN HILL,

    Applicant,

v.

WARDEN DANIELS,

    Respondent.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    The matter before the Court is the Motion for Reconsideration Pursuant to Rule 59(e) that Applicant Nathan Hill, a *pro se* prisoner litigant, filed on April 23, 2012.  Mr. Hill is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado.  Mr. Hill seeks reconsideration of the Order of Dismissal and the Judgment entered on April 12, 2012, pursuant to Fed. R. Civ. P. 59(e).  The Court must construe the Motion liberally because Mr. Hill is proceeding *pro se*.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will deny the Motion.

    Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment.  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990).  This action was dismissed and a judgment was entered on April 12, 2012.  A litigant subject to an adverse judgment and who seeks reconsideration by the district court of

that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Hill's Motion for Reconsideration pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on April 12.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Mr. Hill's arguments in the Motion are restatements of the arguments he set forth in his Application.  As this Court stated in the April 12 Order of Dismissal, a denial of relief by the sentencing court does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective.  *See Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963).  Furthermore, the Seventh Circuit's denial of Mr. Hill's request for permission to file a successive § 2255 motion does not demonstrate his remedy was inadequate or ineffective.  The Seventh Circuit found that even if there was

constitutional error and the claim was not barred by § 2244(b)(1), the newly discovered evidence was insufficient to establish clear and convincing evidence that no reasonable factfinder would have found him guilty. *Hill v. United States*, No. 06-1344 (7th Cir. Feb. 7, 2006) (unpublished).

Nothing Mr. Hill asserts in the Application or the Motion for Reconsideration indicates that his remedy in the sentencing court was inadequate or ineffective. Mr. Hill, therefore, fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving. The Motion for Reconsideration will be denied. Accordingly, it is

ORDERED that Mr. Hill's Motion for Reconsideration Pursuant to Rule 59(e) (Doc. No. 13) is denied.

DATED at Denver, Colorado, this   27th   day of    April       , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court